# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-01816-SCT

*DWAYNE BOYD*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/07/2010 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALI MUHAMMAD SHAMSIDDEEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED IN PART, VACATED IN PART AND REMANDED - 05/30/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Dwayne Boyd was convicted of the sale of marijuana, greater than thirty grams but less than one kilogram, within 1,500 feet of a school or within 1,000 feet of the real property of a school.  Boyd was sentenced, as a subsequent drug offender, to 120 years in the custody of the Mississippi Department of Corrections (MDOC), with sixty years to serve and five

years of supervised post-release supervision. The Court of Appeals affirmed his conviction and sentence. We agree that the trial court did not abuse its discretion in denying Boyd's motion for continuance to secure new counsel on the day of trial. But we find that Boyd did not receive timely notice that the State would seek a post-conviction amendment to the indictment and such action constituted unfair surprise. Therefore, we affirm Boyd's conviction, but we vacate his sentence and remand the case to the Madison County Circuit Court for resentencing.

## FACTS

¶2. During pretrial matters on the morning of trial, Dwayne Boyd released his privately retained attorney, Wesley T. Evans, and requested a continuance. The trial court allowed Boyd to release Evans but denied Boyd's *ore tenus* motion for a continuance. Also during pretrial matters, the State announced that it would seek to amend the indictment if it obtained a conviction. Once trial began, the trial court offered the services of Bentley Conner, the chief public defender in Madison County, who was physically present inside the courtroom at the time. Boyd refused Conner's services. The trial court next conducted an examination of the defendant pursuant to Rule 8.05 of the Uniform Rules of Circuit and County Court. Boyd was deemed by the trial court to have elected to represent himself.

¶3. At trial, the State put on five witnesses, including Lieutenant Tommy Jones of the Madison County Sheriff's Department's Narcotics Division, a confidential informant, and a lab technician with the Mississippi Crime Laboratory. Boyd continued to trial without an attorney, without calling any witnesses or presenting any evidence. The jury found Boyd

2

guilty of selling greater than thirty grams but less than one kilogram of marijuana, a Schedule I controlled substance, within 1,500 feet of a building or outbuilding of Canton Alternative School in Madison, Mississippi, or within 1,000 feet of the real property of Canton Alternative School. The trial court deferred sentencing until the following morning. On the morning of sentencing, the State filed a motion to amend the indictment to charge Boyd as a subsequent drug offender under Mississippi Code Section 41-29-147, which was granted. The trial court then sentenced Boyd to 120 years in the custody of the MDOC. That sentence was enhanced by Mississippi Code Section 41-29-142 (within 1,500 feet of a school) and enhanced again by Mississippi Code Section 41-29-147 (second offense).

¶4.    Boyd appealed, and the case was assigned to the Court of Appeals. On appeal, Boyd asserted that the denial of his motion for a continuance deprived him of a fair trial and that his sentence violates the Eighth Amendment to the United States Constitution. The Court of Appeals affirmed the conviction and sentence. *Boyd v. State*, __ So. 3d __, 2012 WL 1847978 (Miss. Ct. App. May 22, 2012). It found that the trial judge did not abuse his discretion in denying Boyd's motion for continuance because Boyd had "ample time" to obtain other counsel.[1] *Id.* at *4. The COA also found that, although his indictment was amended after he was convicted, he received notice during pretrial proceedings and, therefore, he was not unfairly surprised. *Id.*

---

[1] On May 20, 2010, the case was set to be tried on October 5, 2010, and the trial was actually conducted on October 6, 2010. Boyd's retained attorney entered his appearance on September 20, 2010.

3

¶5.    Although we agree that the trial court did not abuse its discretion when it denied Boyd's motion for continuance, we granted certiorari to discuss what constitutes sufficient notice of the State's intent to amend an indictment to reflect subsequent-offender status in order to provide the defendant "a fair opportunity to present a defense" and protection from being "unfairly surprised." *See* URCCC 7.09.

## DISCUSSION

¶6.    Rule 7.09 provides that amendments to indictments are permissible as long as the defendant is not unfairly surprised and has reasonable notice for preparation of a defense. Rule 7.09 states:

> All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g., driving under the influence, Miss. Code Ann. § 63-11-30). Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.

URCCC 7.09.  While Rule 7.09 "does not speak to the timing of the amendment," it instructs that "the defendant must be 'afforded a fair opportunity to present a defense' and 'not be unfairly surprised.'" *Gowdy v. State*, 56 So. 3d 540, 545 (Miss. 2010) (quoting URCCC 7.09).  In *Gowdy*, this Court held that it was an unfair surprise to amend an indictment to allege habitual-offender status after a conviction.  *Gowdy*, 56 So. 3d 540, 545.

¶7.    In *Gowdy*, the parties had an on-the-record discussion regarding plea negotiations on the morning of trial.  *Gowdy*, 56 So. 3d at 544.  The State expressed that it was willing to

4

recommend a sentence of one year if Gowdy would plead guilty. *Id.* Although Gowdy's attorney stated that he thought it would be in his best interest to accept the offer, Gowdy rejected the deal and invoked his right to a jury trial. *Id.* The day after Gowdy's conviction, the State informed the court that it had "just received" information regarding Gowdy's prior out-of-state convictions and would seek to amend the indictment to reflect Gowdy's habitual-offender status. *Id.* Nearly two months after Gowdy's conviction, the State filed its motion to amend the indictment on the day on which the sentencing hearing was scheduled. *Id.* The trial court allowed the amendment over Gowdy's objection and sentenced him to life imprisonment. *Id*. at 545.

¶8.     This Court found that the post-conviction amendment to the indictment was error and remanded the case for resentencing. *Gowdy*, 56 So. 3d at 546. In its discussion, this Court relied on its prior ruling in *Atkins v. State*, 493 So. 2d 1321, 1322 (Miss. 1986), to find that a post-conviction amendment to an indictment to allege habitual-offender status is an unfair surprise. *Gowdy*, 56 So. 3d at 545. The Court noted that, if the State were allowed to amend indictments post-conviction to allege habitual-offender status, there would be no incentive for the State to be diligent in procuring criminal records in advance of presenting charges before the grand jury. *Id.* at 546.

¶9.     This Court has said that it is permissible to amend the indictment on the date of trial to reflect a defendant's habitual-offender status, when defense counsel is aware of the State's intentions and the defendant is fully aware of the State's intentions during plea negotiations. *Ellis v. State*, 469 So. 2d 1256, 1257 (Miss. 1985).

5

¶10. During pretrial proceedings on the morning of trial, the State explained:

> . . . Right now Mr. Boyd is facing 40 years on the sale case because it's enhanced because it's within 1,500 feet of a school.
>
> But we want Mr. Boyd to know on the record that he's also a subsequent drug offender for an out-of-state conviction. And should we go to trial on this, the State at sentencing, if we obtain a conviction, we'll be seeking to double up to 80 years based on he's a subsequent drug offender.
>
> But if he wants to take advantage and watch the video and do the plea, the State, obviously, has no objection to an open plea as to the indictment as it reads right now.

¶11. The Court of Appeals found that this statement constituted sufficient notice that the State would seek to sentence Boyd as a habitual offender. We disagree. The issue of proper notice was addressed by this Court in *Smith v. State*, 477 So. 2d 191, 196 (Miss. 1985). The Court found that, where the defendant did not have notice that the State was seeking a sentence of life imprisonment, such a sentence was plain error and unconstitutional. *Id.* The defendant was indicted as a habitual offender; however, the quantity of time sought was unclear. Although the defendant did not raise the issue of his wrongful sentence on direct appeal, the Court determined that where, under the two habitual-offender statutes, the sentence would be either seven years (under Section 99-19-81) or life in prison (under Section 99-19-83), the comparison of the sentences was "too significant a deprivation of liberty" to enforce the procedural bar. *Id.* at 195. The Court found that, because the indictment clearly gave the defendant notice that the State was seeking a seven-year term, and not a life sentence, he was wrongfully sentenced to life imprisonment. *Id.* at 196.

6

¶12.   In the instant case, Boyd was not informed through his indictment that the State intended to seek to sentence him as a subsequent offender.  The State asserts that Boyd was given notice because he was told during pretrial proceedings on the morning of trial that, if a conviction was obtained, the State would seek to sentence him as a subsequent offender.  Such "notice" is not sufficient.  The verbal notice that was given by the State did not sufficiently inform Boyd what his sentence might be if he were found to be a subsequent offender.  Although the State told the trial court that it would seek "to double up to 80 years" because he was a subsequent offender, Boyd actually was sentenced to a total of 120 years.  This disparity supports our finding that Boyd did not receive adequate notice of the State's intention to seek a sentence enhancement.  We find that adequate notice is achieved through formal pleadings which include the specific amendment to be offered and which are filed sufficiently in advance of trial to ensure that a defendant will have a "fair opportunity to present a defense" and will not be "unfairly surprised."  URCCC 7.09.

## CONCLUSION

¶13.   We find no error that would warrant reversal of Boyd's conviction.  Therefore, we affirm in part the judgments of the Court of Appeals and the trial court.  However, we find that Boyd did not receive timely or sufficient notice of the State's intent to amend his indictment.  Therefore, this amendment resulted in unfair surprise.  For this reason, we reverse in part the judgments of the Court of Appeals and trial court, vacate Boyd's sentence, and remand the case to the Madison County Circuit Court for resentencing consistent with this opinion.

¶14.     THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED IN PART, VACATED IN PART AND REMANDED. CONVICTION OF THE SALE OF MARIJUANA, A SCHEDULE I CONTROLLED SUBSTANCE, WITHIN ONE THOUSAND FIVE HUNDRED FEET OF A BUILDING OR OUTBUILDING OF CANTON ALTERNATIVE SCHOOL IN MADISON COUNTY, MISSISSIPPI, OR WITHIN ONE THOUSAND FEET OF THE REAL PROPERTY OF CANTON ALTERNATIVE SCHOOL, AFFIRMED.  THE SENTENCE IS VACATED.  THIS CASE IS REMANDED TO THE MADISON COUNTY CIRCUIT COURT FOR RESENTENCING.

     LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.  PIERCE, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.