**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2012-CT-00417-SCT**

*CHARLES FERGUSON a/k/a CHARLES*
*FURGUSON a/k/a CHARLES FERGUSON, JR.*
*a/k/a C J*

*v.*

*STATE OF MISSISSIPPI*

**ON WRIT OF CERTIORARI**

DATE OF JUDGMENT:             02/21/2012
TRIAL JUDGE:                  HON. LEE SORRELS COLEMAN
TRIAL COURT ATTORNEYS:        STEVEN CARL WALLACE
                              RHONDA HAYES-ELLIS
                              KATIE MOULDS
COURT FROM WHICH APPEALED:    LOWNDES COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                              BY: GEORGE T. HOLMES
                              MARK ANDREW CLIETT
ATTORNEYS FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                              BY: ELLIOTT GEORGE FLAGGS
                                  JOHN R. HENRY, JR.
DISTRICT ATTORNEY:            FORREST ALLGOOD
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  REVERSED IN PART; VACATED IN PART
                              AND REMANDED - 04/17/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

   **EN BANC.**

   **PIERCE, JUSTICE, FOR THE COURT:**

¶1.    Charles Ferguson rode as a back-seat passenger from Starkville, Mississippi, to West

Point, Mississippi, with Lazeric Yarbrough and Oratio Robinson, unaware of Yarbrough's

and Robinson's intent to purchase marijuana once in West Point.   On their return to

Starkville, the men approached a Mississippi Highway Patrol checkpoint in Lowndes County, Mississippi. Ferguson testified at trial that, as they approached the checkpoint, Yarbrough, a front-seat passenger in the vehicle, opened the door and threw the bag of marijuana from the vehicle. The officers at the checkpoint watched as the bag was thrown from the vehicle and subsequently arrested all three men. Ferguson was indicted in 2010 for possession of marijuana in an amount greater than 250 grams but less than 500 grams, with the intent to distribute pursuant to Mississippi Code Section 41-29-139. Miss. Code Ann. § 41-29-139 (Rev. 2013).

¶2. Trial on the matter commenced February 16, 2012, in the Circuit Court of Lowndes County, Mississippi. After the jury was empaneled, the trial court recessed for lunch. Once the trial court reconvened, the State presented that it had learned during the break that Ferguson was a habitual offender, and it had just then filed its motion to amend the indictment to reflect his habitual-offender status under Mississippi Code Section 99-19-81. Miss. Code Ann. § 99-19-81 (Rev. 2007).[1] The trial court moved forward with a hearing on the State's motion to amend the indictment pursuant to Uniform Rule of Circuit and County

---

[1]Mississippi Code Section 99-19-81 states:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2007).

Court 7.09. URCCC 7.09.[2] Defense counsel argued that, because of the timing of the motion, an amendment would unfairly prejudice Ferguson. The trial court recessed to give defense counsel an opportunity to speak with Ferguson concerning the implications of habitual-offender status. During the recess, the State communicated its plea offer to Ferguson for his consideration.

¶3.     Thereafter, the trial court ruled that it would allow the amendment, and it stated that defense counsel had conferred with Ferguson for "approximately 40 minutes since the motion was made." Ferguson, an indigent defendant, addressed the trial court, seeking permission to hire his own attorney. The trial court ruled that Ferguson had two years prior to trial to hire an attorney, and further, he did not show that he was now able to afford an attorney. An additional "brief recess" was taken to give Ferguson and defense counsel one last chance to confer. Ferguson chose to reject the State's plea offer.

¶4.     Once Ferguson rejected the State's offer, the State moved forward with presenting its case-in-chief. Ferguson presented his defense the following day, and trial concluded with closing arguments by both parties. That same day, Ferguson was convicted of the lesser-included offense of possession of marijuana in an amount of 250 grams but less than 500 grams, pursuant to Mississippi Code Section 41-29-139(c)(2)(D). Miss. Code Ann. § 41-29-

---

[2] "All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement . . . . Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." URCCC Rule 7.09.

139(c)(2)(D) (Rev. 2013). Immediately thereafter, Ferguson was sentenced to serve eight years as a habitual offender.

¶5. Ferguson appealed his conviction to the Mississippi Supreme Court, and his case was assigned to the Mississippi Court of Appeals. On appeal, he argued that: (1) the verdict was against the sufficiency of the evidence; (2) the trial court erred in allowing the indictment to be amended after jury selection had been completed; (3) the trial court erred in denying his motion for a continuance; and (4) his counsel was ineffective. Finding no error, the Court of Appeals affirmed Ferguson's conviction.

¶6. This Court granted Ferguson's petition for writ of *certiorari*, which raised the following issues:

> I. Whether the court erred in allowing the indictment to be amended to reflect habitual-offender status after jury selection had been completed.
>
> II. If the amendment to the indictment to reflect habitual-offender status was proper, whether the court erred in denying Ferguson's *ore tenus* motion for a continuance to hire an attorney.

¶7. On appeal to this Court, Ferguson raised only the preceding two issues and did not appeal his conviction. Finding that the amendment to the indictment was untimely, we will discuss only the first issue.

## STANDARD OF REVIEW

¶8. Whether the trial court erred by allowing the indictment to be amended on the day of trial is an issue of law that is reviewed de novo. ***Jackson v. State***, 943 So. 2d 746, 749 (Miss. Ct. App. 2006) (citing ***Peterson v. State***, 671 So. 2d 647, 652 (Miss. 1996) (overruled on other grounds)).

4

## ANALYSIS

**Whether the court erred in allowing the indictment to be amended to reflect habitual-offender status after jury selection had been completed.**

¶9.     Ferguson argues that amending the indictment was impermissible because the State failed to give pretrial notice. Ferguson cites this Court's holding in ***Gowdy v. State*** to support his argument. ***Gowdy v. State***, 56 So. 3d 540, 544-46 (Miss. 2010). In the instant case, the State sought to amend the indictment during trial, after the jury was empaneled. This Court's opinion in ***Boyd v. State*** provides the controlling law for the case before us. ***Boyd v. State***, 113 So. 3d 1252 (Miss. 2013).

¶10.     Uniform Rule of Circuit and County Court 7.09 allows indictments to be amended to charge a defendant as a habitual offender. URCCC 7.09. Even though Rule 7.09 is silent regarding the timing of an amendment, it stipulates that the defendant must be "afforded a fair opportunity to present a defense and not [be] unfairly surprised." ***Gowdy***, 56 So. 3d at 545 (quoting URCCC 7.09).

¶11.     ***Boyd*** addressed what constitutes adequate notice, such that the defendant will have a "fair opportunity to present a defense" and will not be "unfairly surprised." ***Boyd***, 113 So. 3d at 1255 (citing URCCC 7.09). This Court clarified that " . . . adequate notice is achieved through formal pleadings which include the specific amendment to be offered and which are filed sufficiently in advance of trial. . . ." ***Boyd***, 113 So. 3d at 1256.

¶12.     As in this case, the State first announced its intent to seek enhanced sentencing on the day of Boyd's trial. ***Boyd***, 113 So. 3d at 1253. The State did not file its motion to amend Boyd's indictment until the sentencing hearing. ***Boyd***, 113 So. 3d at 1254. This Court held

5

that Boyd had not been afforded sufficient notice of the State's intent to amend the indictment. As previously stated, the State filed its motion to amend the indictment during the afternoon recess. Ferguson sought a continuance in order to hire an attorney rather than continue with his appointed counsel, but he was denied any type of continuance. Ferguson and his counsel were given a short period of time to consider the change in the indictment and the plea offer by the State. Opening arguments began immediately after the hearing on the motion to amend the indictment, and Ferguson was convicted and sentenced by the end of the following day.

¶13.    *McCain v. State* provided that a case-by-case determination should be used when adhering to the specifications of Rule 7.09. *McCain v. State*, 81 So. 3d 1055, 1061 (Miss. 2012). Accordingly, we find that Ferguson was unfairly surprised by the timing of the motion, and he was not given adequate notice consistent with the requirements of Rule 7.09 or this Court's holding in *Boyd v. State*. URCCC 7.09; *Boyd*, 113 So. 3d at 1256.

## CONCLUSION

¶14.    The trial court erred in allowing the amendment to the indictment, because Ferguson did not receive proper notice and was unfairly surprised. Accordingly, we reverse in part the judgments of the Court of Appeals and trial court. We vacate only the portion of Ferguson's sentence that is based on his status as an habitual offender pursuant to Mississippi Code Section 99-19-81. Miss. Code Ann. § 99-19-81 (Rev. 2013). We remand the case to the Lowndes County Circuit Court for resentencing consistent with Mississippi Code Section 41-29-139(c)(2)(D), which provides that Ferguson shall be sentenced to ". . . not less than two (2) years nor more than eight (8) years and by a fine of not more than Fifty Thousand Dollars

6

($50,000.00)."  Miss. Code Ann. § 41-29-139(c)(2)(D) (Rev. 2013).

¶15.    **REVERSED IN PART; VACATED IN PART AND REMANDED.**

     **WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**