*767 RANDOLPH, Presiding Justice,
concurring in part and dissenting in part:
¶ 26. The question of whether the petitioner, a seasoned felon, or his counsel was caught unaware that this sentencing enhancement was applicable is not the issue. The petitioner, like everyone else, was put on notice on July 1, 2004,[9] that a mandatory sentencing enhancement would be added to his future sentence(s) if he used or displayed a firearm while committing yet another felony. The facts negate claims of unfair surprise, lack of a fair opportunity to present a defense, and a denial of due process.
¶ 27. Under our state’s Constitution and the strict separation of powers it explicitly imposes in Article 1, Section 2, we lack the power to substitute our judgment for that of the Legislature. Courts have a “constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation.” Tallahatchie Gen. Hosp. v. Howe, 49 So.3d 86, 92 (Miss.2010). The law is explicit that a sentence enhancement of ten years is mandatory for “any convicted felon who uses or displays a firearm during the commission of any felony....” Miss.Code Ann. § 97-37-37(2) (Rev. 2014). Contrary to petitioner’s claim, each element required to enhance his sentence under Section 97-37-37(2) was alleged in the indictment and subsequently presented to a jury, which found each element beyond a reasonable doubt. A sentencing enhancement is not a separate offense that must be pleaded in the indictment. Section 97-37-37 of the Mississippi Code is well within the* constitutional authority of the Legislature. The law, as followed by the trial court and affirmed by the Court of Appeals, is constitutional. His sentence was neither illegal nor unconstitutional. I concur with the majority’s holding that petitioner’s conviction should be affirmed.
¶28. The crime began over an argument about a missing bottle of whiskey and ended with the petitioner shooting the unarmed victim in the back five . times. The victim was left paralyzed from the waist down. It is obvious that petitioner’s prior time at the state penitentiary did little to convince him that obedience of the law was a worthwhile goal.
¶ 29. Petitioner was charged and convicted of aggravated assault and possession of a firearm by a convicted felon. Petitioner asserts that the trial court erred in applying the law consistently with the legislative mandate. He claims that he should have been put on further notice by an amendment to his indictment.
¶ 30. After petitioner’s conviction, the trial judge stated that he was:
going to set sentencing for Monday at 9:00 o’clock, and I also wish to consider the firearm enhancement as provided by 97-37-37(2); and, if you will, provide me with any brief that you wish to provide me on that. I’m fairly familiar with the law, but if you want to provide me with a brief, I would like to hear it.
At the sentencing hearing, which was conducted five days after his conviction, petitioner argued that he was not given notice of the sentencing enhancement and there was no attempt by the State to amend the indictment to include the enhancement. The State argued and the trial court agreed that Section 97-37-37(2) provided for a mandatory enhancement and was not required to be included in the indictment. In sentencing the petitioner, the trial court stated:
*768 As it relates to 97-37-37,1 do review the statutes as mandatory, and I’m familiar with the Mayes[10] [sic] case and some other cases where the court has applied this punishment. I don’t think — there is not a case that I’ve seen at this point where it either requires that it be charged in the indictment or any notice given; so, accordingly, I’ll impose a sentence under the statute that I believe is mandatory.
[[Image here]]
Under 97-37-37, the jury’s verdict in Count I found that you did discharge— that you did use or display a firearm during the commission [of] a felony in that you shot him with that firearm so the jury’s verdict in Count I provides the requirement that I sentence you under 97-37-37 to an additional term of 10 years in the custody of the Mississippi Department of Corrections to run consecutively with the sentences imposed in Count I and II, and that that sentence shall not be reduced or suspended according to law.
There is no requirement, pursuant to our Constitution, caselaw, court rules, or statutes, that the indictment must contain specific notice that an enhanced sentenced will be given pursuant to Section 97-37-37(2). The trial court properly applied the mandatory ten-year sentencing enhancement to petitioner’s sentence. As such, petitioner’s sentence should be affirmed.
¶ 31. Accused persons are constitutionally afforded due process of law. See U.S. Const, amend. VI, Miss. Const, art. 3, § 14. Pursuant to Article 3, Section 26 of the Mississippi Constitution, an accused is also afforded the following rights:
a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; and he shall not be compelled to give evidence against himself. ...
Miss. Const, art. 3, § 26. See also U.S. Const, amend. XIV. Additionally, the purpose of an indictment, pursuant to Section 27, is:
(1) to furnish the accused such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, (2) to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained and (3) to guard against malicious, groundless prosecution. Indictments and Informations, 41 Am.Jur.2d § 3 (1968).
Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989).
¶ 32. Rule 7.06 of the Rules of Uniform Circuit and County Court Practice states that the indictment “shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06 (emphasis added). Rule 7.06 also states that the following “shall” be included in an indictment:
1. The name of the accused;
2. The date on which the indictment was filed in court;
*769 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words “against the peace and dignity of the state.”

Id.

¶ 33. The indictment complied with Rule 7.06, as it stated the facts surrounding the “offenses charged.” Petitioner was indicted on February 1, 2012, for “... purposely, knowingly, feloniously and intentionally caus[ing] or attempting] to cause bodily injury ... by use of a deadly weapon ... by shooting Gregory Johnson in the back with a firearm ...” and "... unlawfully, knowingly, and feloniously possessing] a firearm when [he] had been previously convicted of a felony offense .... ” The indictment adequately charged that petitioner previously had been convicted of a felony, including the crime, the court, the case number, and the sentence. The indictment also charged that petitioner had used a firearm when he shot the victim during the commission of a felony. The statute reads that a convicted felon who uses a firearm “shall ... be sentenced to an additional term of imprisonment....” Miss.Code Ann. § 97-37-37(2). Section 97-37-37(2) is not an “offense” as referenced in the Rules of Uniform Circuit and County Court Practice, see Stewart v. State, 131 So.3d 569, 575 (Miss.2014), and applies only post-conviction.
¶ 34. “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt” Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (emphasis added). The following language from State v. Reinke, 354 Or. 98, 309 P.3d 1059 (2013), casts further light on Apprendi vis a vis inclusion within an indictment:
After Apprendi some defendants argued in this court that we should hold that the federal constitution requires states to include sentence enhancement facts in indictments. Given Apprendi's reasoning, we explained in State v. Cox, 337 Or. 477, 498-500, 98 P.3d 1103 (2004), that the defendant’s unpreserved federal constitutional claim raising that issue did not constitute plain error and did not reach it. Shortly after this court decided Cox, another case squarely presented the issue, and we explained that, “[although Apprendi requires that the jury find the facts that would support an enhanced sentence, we do not agree that Apprendi requires, as a matter of state criminal procedure, that enhancement factors be set out in the indictment.” State v. Sawatzky, 339 Or. 689, 698, 125 P.3d 722 (2005). The court explained that neither Apprendi nor Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), had held that the Grand Jury Clause of the Fifth Amendment applies to the states and that the relevant question under state law is whether the indictment sets out the elements of the offense, as defined by the state legislature. Id.; cf. Hurtado v. California, 110 U.S. 516, 534-35, 4 S.Ct. 111, 28 L.Ed. 232 (1884) (holding that due process does not require states to proceed by indictment in felony cases).
*770 Reinke, 354 Or. at 104, 309 P.3d at 1062 (2013). Such reasoning is persuasive.
¶ 35. Pursuant to Apprendi, the questions of fact, i.e., whether the petitioner was a previously convicted felon[11] who used a firearm, were submitted to the jury. The jury found those facts beyond a reasonable doubt. The findings of fact were the elements required for a guilty verdict of aggravated assault by shooting the victim with a firearm and of being a convicted felon in the possession of a firearm, such that the statute mandated.the trial judge to enhance petitioner’s sentence for the legislatively prescribed term.
¶ 36. The cases relied upon by the majority are clearly distinguishable from the facts of the ease presented to us today, as those cases, unlike the case today, required an amendment to the indictment in order to enhance those defendants’ sentences. In Gowdy v. State, 56 So.3d 540, 544 (Miss.2010), Gowdy was indicted for felony driving under the influence of alcohol. Prior to trial, the State offered Gow-dy a plea deal in which he would serve one year in prison, two years’ post-release supervision, and pay a $2,000 fine. Id. at 544. Gowdy rejected the plea offer and proceeded to trial. Id. The next day following Gowdy’s conviction, the State received- information about Gowdy’s prior arrests in another state and informed the trial court that it would seek to amend the indictment to include Gowdy’s habitual-offender status. Id. On the day of Gowdy’s sentencing hearing, nearly two months later, the State amended his indictment to charge him as a habitual offender under Mississippi Code Section 99-19-83, which requires a mandatory life sentence. Id. at 545. The trial court overruled Gowdy’s objection to the amendment, finding no prejudice, and sentenced Gowdy to life imprisonment without the possibility of parole. This Court found there was prejudice because “Gowdy would have been in a better position to make an informed and rational decision when presented with a proposed plea bargain.” Id. at 546. This Court held that the State should not have been allowed to amend the indictment, and the Court reversed the enhanced-sentencing portion of Gowdy’s sentence. Id. Absent an amendment to the indictment, Gowdy’s sentence could not have been enhanced under Section 99-19-83.
¶ 37. In this case, there is no evidence of a plea offer in the record. Petitioner was not offered a deal of one year and then subsequently sentenced to life in prison. His prior conviction was included in his indictment, thus giving him notice that he would face a sentencing enhancement of ten years if the jury found him guilty of being a convicted felon who used a firearm in a subsequent felony. Petitioner cannot argue unfair surprise. See McCain v. State, 81 So.3d 1055, 1062 (Miss.2012) (citing URCCC 7.09) (“McCain received fair notice, was not ‘unfairly surprised’ by the habitual-offender addition, and was ‘afforded a fair opportunity to present a .defense.’ ”).
¶ 38. Boyd v. State, 113 So.3d 1252 (Miss.2013), is likewise distinguishable. Boyd was indicted for the sale of marijuana (more than thirty grams but less than a kilogram) within 1,500 feet of a school or 1,000 feet of the real property of a school. Id. at 1253. During pretrial proceedings, the State informed the court that it would seek to amend the indictment based on an out-of-state conviction if Boyd was found guilty of the charges. Id. at 1254. Initially, Boyd was facing a forty-year sentence *771 and, if the indictment was amended, he was told that his sentence could be doubled. Id. at 1255. The next day during the sentencing hearing, the State filed a motion to amend the indictment to charge Boyd as a subsequent drug offender. Id. at 1254. The State’s motion was granted, and Boyd was sentenced to 120 years in the custody of the Mississippi Department of Corrections. Id. His sentence was enhanced by Mississippi Code Section 41-29-142 (within 1,500 feet of a school) and enhanced again by Mississippi Code Section 41-29-147 (second offense). This Court found that “[although the State told the trial court that it would seek ‘to double up to 80 years’ because he was a subsequent offender, Boyd actually was sentenced to a total of 120 years. This disparity supports our finding that -Boyd did not receive adequate notice of the State’s intention to seek a sentence enhancement.” Id. at 1256.
¶ 39. This petitioner was not misinformed of his possible sentence to justify a finding that he was unfairly surprised. The cases relied upon by the majority involve defendants who were not informed that they faced possible life sentences. Per the constitutional mandate issued by the Legislature in its passing of Section 97-37-37, the trial court properly enhanced the petitioner’s sentence by ten years, because the jury found, beyond a reasonable doubt, that petitioner was a previously convicted felon who had used a firearm in a subsequent felony.
¶ 40. The cases cited and relied upon do not stand for the same proposition ruled upon today. Each case required an amendment of the indictment in order to enhance the defendant’s sentence. That is precisely what distinguishes today’s case. No amendment of the indictment was required. Section 97-37-37 provides for a mandatory ten years be added to a sentence for a convicted felon who uses a firearm in a subsequent felony. Our law does not require that this enhancement be included in the indictment in order for the enhancement to be applicable.
¶ 41. This case is akin to Mayers v. State, 42 So.3d 33 (Miss.Ct.App.2010), which was cited by the trial court at the sentencing hearing. In Mayers, the Court of Appeals held that “Section 97-37-37, which is entitled: ‘Enhanced penalty for use of firearm during commission of felony,’ is clearly a sentence enhancement and does not set out separate elements of the underlying felony.” Id. at 45. The Court further held that the jury “found beyond a reasonable doubt that Mayers was a convicted felon and that Mayers used a firearm -during the commission of a felony.” Id. at 46. The Court of Appeals rejected Mayers’s argument that his sentencing enhancement was not listed in the indictment, as each factor of Section 97-37-37 was “contained in the indictment and was submitted to the jury. No other factors were required to be determined by Section 97-37-37 that had not already been decided by the jury.” Id. at 46. The Court of Appeals found that, although the sentencing enhancement was not needed in the indictment, Mayers was erroneously sentenced pursuant to the wrong section. Id. Section 97-37-37(2) was not in effect at the time Mayers committed his crime; therefore, he should have been sentenced pursuant to Section 97-37-37(1), which became effective on July 1, 2004. Id. at 46-47.
¶ 42. The petitioner argues unfair surprise, but like Mayers, the petitioner does not argue one factual element required to be satisfied for the application of the statute was unmet and not decided by the jury. Each fact required for the application of Section 97-37-37(2) was contained in the indictment and was submitted to the jury. The jury found beyond a reasonable *772 doubt that petitioner was a convicted felon and that petitioner had used a firearm during the commission of a felony. No other factors were required to be determined by Section 97-37-37(2) that had not already been decided by the jury beyond a reasonable doubt, negating his argument of unfair surprise.
¶ 43. Petitioner claims that he should have been put on further notice by an amendment'to his indictment. Notice is necessary for the preparation of a defense. However, petitioner makes no claim that his defense was compromised, or even that his defense would have been different had he been made aware of the sentencing enhancement. Notice of this particular mandatory sentencing enhancement was found in the legislative act. This particular mandatory sentencing enhancement is not required to be pleaded in the indictment, unlike the habitual-offender enhancements, which our rules require to be pleaded in the indictment.
¶ 44. The only defense to having petitioner’s sentence enhanced would have been for him to contest the State’s evidence, challenging his prior felony conviction. Petitioner offered no such proof. Quite the opposite, he stipulated that he previously was convicted of a felony. Thus, any argument that he was prejudiced evaporates.
¶ 45. Neither the trial court- nor the Court of Appeals[12] overlooked its constitutional duties. Each properly applied a constitutionally permissible penalty. I would affirm.
LAMAR AND PIERCE, JJ„ JOIN THIS OPINION.

. On July 1, 2007, the enhancement was increased from five years to ten years. See Miss.Code Ann. § 97-37-37(2) (Rev. 2014).

. The trial court was referring to Mayers v. State, 42 So.3d 33 (Miss.Ct.App.2010), discussed supra.

. Prior to his trial, petitioner and the State entered into a stipulation that petitioner was a convicted felon.

. The trial court was affirmed by the Court of Appeals in a unanimous opinion authored by Presiding Judge Irving. Judge James concurred in part with the opinion.