ON WRIT OF CERTIORARI

RANDOLPH, Presiding Justice,
for the Court:
¶ 1. J.C. Williams was convicted of the sale of cocaine in the Circuit Court of Jones County, Mississippi. Williams was adjudicated a habitual offender[1] and a subsequent drug offender.[2] Upon application of those recidivist statutes, his sentence was enhanced to forty years in the custody of the Mississippi Department of Corrections (MDOC), with thirty years to serve and ten years suspended. On appeal, Williams argued that the circuit court “erred in amending the indictment to charge him as a habitual offender.” Williams v. State, 131 So.3d 1198, 1199 (Miss.Ct.App.2012). The Court of Appeals rejected that argument and unanimously *1176 affirmed Williams’s conviction and sentence. Id. Following the Court of Appeals’ denial of Williams’s motion for rehearing, he filed this pro se petition for writ of certiorari, which this Court granted. Williams v. State, 119 So.3d 328 (Miss.2013).

FACTS AND PROCEDURAL HISTORY

¶2. Williams was indicted by a grand jury of “willfully, unlawfully, feloniously and knowingly selling] or transfer[ing][c]ocaine (less than .1 gram)-” See Miss. Code Ann. § 41-29-139 (Rev. 2013). His indictment made no mention of habitual-offender status. Three days before trial, the State filed a motion to amend the indictment to charge Williams as a recidivist pursuant to Mississippi Code Section 99-19-81.[3] The motion was served on defense counsel the same day. The circuit court granted the State’s motion to amend the indictment following jury selection.[4] Subsequently, Williams was found guilty of the sale of cocaine and sentenced on the same day, as a recidivist, to forty years in the custody of the MDOC, with thirty years to serve and ten years suspended.[5]
¶ 3. Williams appealed his sentence as a habitual offender, arguing that the circuit court “erred in amending the indictment to charge him as a habitual offender.” Williams, 131 So.3d at 1199. In unanimously affirming Williams’s conviction and sentence, the Court of Appeals held:
Williams has offered no evidence to show he was “unfairly surprised” by the amendment or that he was unable to present a defense. Furthermore, since an amendment charging a defendant as a habitual offender does not affect the substance of the crime charged, but only the sentencing, Williams’s defense to the sale-of-cocaine charge was unaffected by the amendment.
Id. (citing Adams v. State, 772 So.2d 1010, 1020-21 (Miss.2000)).
¶ 4. Williams’s motion for rehearing was denied by the Court of Appeals, and he filed his pro se petition for writ of certiora-ri, which we granted.

ISSUE

¶ 5. On writ of certiorari, we will address the following issue:
Whether the circuit court erred in granting the State’s motion to amend the indictment to charge Williams as a recidivist.

ANALYSIS

¶ 6. “The circuit court’s decision to allow an indictment to be amended is a question of law.” Powell v. State, 80 So.3d 849, 852 (Miss.Ct.App.2012) (citing Jackson v. State, 943 So.2d 746, 749 (Miss.Ct.App.2006)). “Questions of law receive a de *1177 novo review.” Id. (citing Jones v. State, 912 So.2d 973, 975 (Miss.2005)).
¶ 7. Presently, Uniform Rule of Circuit and County Court 7.09 provides, in pertinent part, that “[i]ndictments may ... be amended to charge the defendant as an habitual offender....” URCCC 7.09. “Rule 7.09 ‘does not speak to the timing of the amendment[.]’ ” McCain v. State, 81 So.3d 1055, 1061 (Miss.2012) (quoting Gowdy v. State, 56 So.3d 540, 545 (Miss.2011)). But the rule implicitly recognizes a right to fair notice by prohibiting amendments to indictments where the defendant is not “afforded a fair opportunity to present a defense” or is “unfairly surprised[.]” URCCC 7.09. This Court recently has held that “adequate notice is achieved through formal pleadings which include the specific amendment to be offered and which are filed sufficiently in advance of trial to ensure that a defendant will have a ‘fair opportunity to present a defense’ and will not be ‘unfairly surprised.’ ” Boyd v. State, 113 So.3d 1252, 1256 (Miss.2013) (quoting URCCC 7.09).[6] Whether notice of a possible enhanced sentence was given sufficiently in advance of trial “should be considered on a case-by-case basis.” McCain, 81 So.3d at 1061.[7]
¶ 8. Williams never argued before the trial court that he was not prepared to defend or was surprised by the State seeking enhanced punishment under the recidivist statutes. See supra n. 4. As noted by the Court of Appeals, “[o]n appeal, Williams ... offered no evidence” that he was not provided adequate notice. Williams, 131 So.3d at 1199. Likewise, in his petition for certiorari to this Court, Williams has argued that the Court of Appeals erred in finding that he was not “unfairly surprised[,]” but again has failed to argue why his notice was inadequate.
¶ 9. Notwithstanding Williams’s failure to present this argument, we will address the existence of adequate notice, vel non, in the record before us. Through formal pleadings filed three days in advance of trial, the State informed Williams of its intent to seek enhanced punishment under one of Mississippi’s recidivist statutes, Section 99-19-81. The State’s motion specifically provided the details of the prior convictions which would be presented to the trial judge for sentence enhancement (subject to a conviction for the crime charged in the indictment), including the cause numbers, dates, and courts in which they were obtained. Absent an argument as to *1178 why Williams’s notice was inadequate, we cannot say, based on the record, that the State failed to provide adequate notice of its intent to seek enhanced punishment for Williams as a recidivist under Section 99-19-81.
¶ 10. However, we cannot reach the same conclusion as to Williams’s enhanced sentence as a subsequent drug offender under Section 41-29-147. The State’s motion placed Williams on notice that it intended to utilize his prior drug conviction, but only for sentence enhancement under Section 99-19-81. The State did not offer the “specific amendment” to charge Williams as a subsequent drug offender. Boyd, 113 So.3d at 1256. Williams was first apprised of that enhancement at his sentencing hearing when the State informed the trial court that he faced a “maximum sentence ... of 60 years” — double what he faced if sentenced only as a habitual offender under Section 99-19-81. Because Williams was not given proper notice in advance of trial of the State’s intent to seek enhanced punishment as a subsequent drug offender under Section 41-29-147, we are compelled to reverse that portion of his sentence.

CONCLUSION

¶ 11. Williams was provided adequate notice in advance of trial that, upon conviction, the State intended to seek enhanced punishment under Section 99-19-81. However, the State failed to provide adequate notice of its intent to seek enhanced punishment under Section 41-29-147. Thus, we affirm in part and reverse in part the judgments of the Court of Appeals and the Circuit Court of Jones County and remand this case to the Circuit Court of Jones County for a new sentencing hearing, where Williams is to be resentenced as a habitual offender under Section 99-19-81 only.
¶ 12. THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF JONES COUNTY ARE AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF CONVICTION OF SALE OF COCAINE IS AFFIRMED, THE SENTENCE IS VACATED AND THE CASE IS REMANDED TO THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF JONES COUNTY FOR RESENTENCING.
WALLER, C.J., LAMAR, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.; WALLER, C.J., JOINS IN PART.

. See Miss.Code Ann. § 99-19-81 (Rev.2007).

. See Miss.Code Ann. § 41-29-147 (Rev. 2013).

.In 1998, Williams pleaded guilty to robbery in the Circuit Court of Jones County (Cause No. 10,407). He was sentenced to ten years in the custody of the MDOC, with six years to serve, four years suspended, and four years of probation.
In 2007, Williams pleaded guilty to sale of cocaine in the Circuit Court of Jones County (Cause No.2005-143-KR2). He was sentenced to ten years in the custody of the MDOC, suspended except for time served, upon completion of three years post-release supervision and community service.

. Williams’s counsel objected to the amendment on the ground that the State sought to amend the indictment to include habitual-offender status for the purpose of "punishing] the defendant in exercising his constitutional right for a trial.”

. Absent his recidivist history, Williams faced a sentence of "not more than thirty (30) years[.]” See Miss.Code Ann. § 41-29-139(b)(1) (Rev.2013).

. In Boyd, this Court found inadequate notice where the State informed the defendant "during pretrial proceedings on the morning of trial that, if a conviction was obtained, the State would seek to sentence him as a subsequent offender.” Boyd, 113 So.3d at 1256.

. The dissent opines that the amendment elevated the level of the offense charged in the indictment; thus infringing on the power of the grand jury. While we share in the dissent’s ardent respect for the sole authority of the grand jury to issue an indictment, our disagreement stems from what is constitutionally mandated to be included within that indictment. The United States Supreme Court has held that "[a]n indictment must set forth each element of the of the crime that it charges.... But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime.” Almendarez-Torres v. United States, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Our Court consistently has held that recidivist statutes "are not criminal offenses and only affect sentencing.” Osborne v. State, 404 So.2d 545, 548 (Miss.1981). As such, prior convictions which are utilized only to enhance the sentence of a recidivist, i.e., those prior convictions which do not constitute elements of the underlying offense, are not constitutionally mandated to be included within the indictment. It is only a rule of this Court which necessitates such inclusion-and another rule of this Court which allows that inclusion to be accomplished by amending the indictment. See URCCC 11.03, 7.09.