# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-01280-SCT

*CRAIG D. SALLIE a/k/a CRAIG D. SALLIE, SR.*
*a/k/a CRAIG SALLIE*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                06/25/2012
TRIAL JUDGE:                     HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:       MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          CYNTHIA ANN STEWART
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: SCOTT STUART
DISTRICT ATTORNEY:               MICHAEL GUEST
NATURE OF THE CASE:              CRIMINAL - FELONY
DISPOSITION:                     THE JUDGMENTS OF THE COURT OF
                                 APPEALS AND THE MADISON COUNTY
                                 CIRCUIT COURT ARE AFFIRMED IN PART
                                 AND VACATED IN PART, AND THIS CASE
                                 IS REMANDED - 01/22/2015

MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     Craig Sallie was convicted of aggravated assault for shooting Gregory Johnson in the back with a firearm, as well as of possession of a firearm by a convicted felon. He was sentenced to twenty years for the aggravated assault conviction and ten years for the possession of a firearm conviction, to run concurrently. The trial court also sentenced Sallie

to an additional ten years pursuant to the firearm sentence enhancement statute, with that sentence to run consecutively to the other sentences. The Court of Appeals affirmed Sallie's convictions and sentence, finding that the trial court did not err by limiting Sallie's cross-examination of Johnson, and that Sallie's lack of notice of the firearm enhancement did not render the sentence illegal. Sallie moved for rehearing, which the Court of Appeals denied. Sallie then petitioned this Court for certiorari review. We granted Sallie's petition to address the issue of whether Sallie was entitled to notice of the firearm enhancement to his sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2.     For the most part, the recitation of relevant facts is taken from the Court of Appeals opinion:

> Prior to the incident giving rise to Sallie's convictions, Sallie accused Johnson of stealing a bottle of whiskey from him. Johnson testified that Sallie had threatened him twice regarding the whiskey. On November 28, 2011, an unarmed Johnson walked past Sallie's house en route to his own home.[] According to Johnson, as he walked past Sallie's house, Sallie yelled to him, demanding that Johnson come into his yard. Johnson refused and told Sallie to come into the street so that they could settled the dispute like men. Johnson admitted that he called Sallie a coward and a b****. He testified that Sallie then pulled out a gun and stated, "Naw, you come in my yard." When Johnson turned to walk away, Sallie started shooting at him. Sallie shot Johnson five times, with one bullet hitting Johnson in the spine, paralyzing him from the waist down. In his statement to the police, Sallie claimed that Johnson came into his yard acting like he was drunk and "maybe high." He also stated that Johnson initiated the dialogue and that he was "mumbling" words to Sallie. Sallie added that he "reacted without conscious" and shot Johnson, but that he did not initially intend to get violent with him.
>
> Johnson admitted that he drank whiskey and smoked marijuana on the day of the incident before the shooting occurred. He denied using cocaine that day, but admitted that he had used cocaine in the past. . . .

*Sallie v. State*, 2013 WL 6233904, at *1, 2012-KA-01280-COA (Miss. Ct. App. Dec. 3,

2013).

¶3. At the close of the trial, the jury was instructed. The jury instruction on aggravated assault required that the jury find beyond a reasonable doubt that Sallie "[d]id purposely, knowingly, feloniously and intentionally cause or attempt to cause bodily injury to Gregory Johnson, a human being, by the use of a deadly weapon or other means likely to produce death or serious bodily harm" *and* that he did so "[b]y shooting Gregory Johnson in the back with a firearm." Moreover, the jury instruction on possession of a firearm by a convicted felon required that the jury find beyond a reasonable doubt that Sallie "[d]id unlawfully, knowingly and feloniously possess a firearm" when Sallie "had previously been convicted of a felony offense." After the jury convicted Sallie on both counts, the trial judge scheduled the sentencing hearing and stated that "I also wish to consider the firearm enhancement as provided by 97-37-37(2)." *See* Miss. Code Ann. § 97-37-37(2) (Rev. 2014) ("any convicted felon who uses or displays a firearm during the commission of any felony shall . . . be sentenced to an additional term of imprisonment . . . of ten (10) years . . . .").

¶4. At the sentencing hearing, Sallie objected to consideration of the Section 97-37-37 firearm enhancement based on a lack of notice from the State and based on the trial court raising the enhancement *sua sponte*. The trial court sentenced Sallie to twenty years for aggravated assault, ten years for felon in possession of a firearm, and then enhanced his sentence by ten years under Section 97-37-37(2).

¶5. Sallie appealed, arguing that the trial court erred by limiting Sallie's cross-examination of Johnson regarding Johnson's alleged cocaine use, and arguing that the firearm enhancement to his sentence was illegal given that he did not receive fair, pretrial

3

notice that he might be sentenced under that statute. Sallie argued that the lack of notice, or unfair surprise, regarding the firearm enhancement violated due process. The Court of Appeals affirmed Sallie's convictions and sentence. It found that the trial court "did not abuse its discretion in sustaining the State's objection to defense counsel's line of questioning inferring that Johnson had used cocaine on the day of the incident." *Sallie*, 2013 WL 6233904, at *2. The Court of Appeals then found that the enhanced portion of Sallie's sentence was legal. It analyzed *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and found that all the elements of the firearm enhancement had properly been submitted to the jury and had been found by the jury beyond a reasonable doubt. It concluded that the indictment need not make reference to the enhancement statute, therefore, there was no unfair surprise regarding the firearm enhancement.

¶6.     Sallie filed a petition for writ of certiorari with this Court, which we granted. We agree that the trial court did not abuse its discretion by limiting Sallie's cross-examination of Johnson. Therefore, we limit our review to the question of whether Sallie received fair notice of the firearm enhancement. *See Guice v. State*, 952 So. 2d 129, 133 (Miss. 2007) (Supreme Court "unquestionably" has the authority to limit the issues on review).

## ANALYSIS

¶7.     Whether a defendant received fair notice of a sentence enhancement is a question of law that we review de novo. *See Williams v. State*, 131 So. 3d 1174, 1176-77 (Miss. 2014).

¶8.     We agree with the Court of Appeals that the jury must find the elements of the firearm enhancement beyond a reasonable doubt under *Apprendi* before a trial court may apply the

4

enhancement.[1]   We also agree that, given the elements of the crimes as listed in the jury instructions, the jury in this case found the elements of the firearm enhancement beyond a reasonable doubt. That analysis, however, fails to address the crux of Sallie's argument, that he has a right to fair notice that the sentence enhancement is being sought.[2]

¶9.    Sallie's indictment did not indicate that the State would seek any sentence enhancement. Furthermore, the State in no way indicated pretrial that it would seek the firearm enhancement.[3] Only after the jury convicted Sallie did Sallie receive any indication that the trial court might consider the firearm enhancement at sentencing.

¶10.    The firearm enhancement applied to Sallie's case applies when a *prior convicted felon* uses or displays a firearm during the commission of a felony. Miss. Code Ann. § 97-37-37(2) (Rev. 2014). Uniform Rule of Circuit and County Practice 7.09 provides that

> . . . Indictments may . . . be amended . . . to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement . . . .

---

[1]***Mayers v. State***, 42 So. 3d 33, 45-46 (Miss. Ct. App. 2010), cited by the dissent, also focused on an ***Apprendi*** analysis, and did not specifically analyze the issue of the right to fair notice, making only generalized statements about notice in the context of the ***Apprendi*** analysis. In any event, to the extent it is inconsistent with today's opinion, ***Mayers*** is overruled.

[2]The Court of Appeals determined that Sallie did not cite any authority that mandated the State include the language of Section 97-37-37(2) in the indictment, thus, the issue was without merit. However, in his brief to the Court of Appeals, Sallie cited several cases and rules that provide that criminal defendants must be given reasonable notice that the State plans to seek a sentence enhancement.

[3]We recognize that the prosecutors in this case did not actually seek the firearm enhancement, but that the trial court raised it *sua sponte*. However, after the trial court raised the issue, the prosecutors argued in support of applying the firearm enhancement to Sallie's sentence.

Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.

URCCC Rule 7.09. Moreover, the firearm enhancement clearly increases a defendant's sentence beyond the maximum allowed for the underlying offenses.[4] Miss. Code Ann. § 97-37-37(2) (Rev. 2014) (the enhancement is "in addition to the punishment provided" for the underlying felony). Generally, indictments must include information specific enough to allow a defendant to determine what punishment he faces. *See Apprendi*, 530 U.S. at 478-81; *Gowdy v. State*, 56 So. 3d 540, 546 (Miss. 2010) ("[N]otice of the charge includes notice of the applicable minimum and maximum penalties."). Sallie received no proper notice regarding the fact that he was facing a firearm enhancement that would increase his sentence by ten years. The dissent confuses the issue by citing an Oregon case that determines that *Apprendi* only requires that the jury find the elements of the offense, not that they be included in the indictment. We agree, as is explicitly stated in Paragraph 8 of this opinion: "We agree with the Court of Appeals that the jury must find the elements of the firearm enhancement beyond a reasonable doubt under *Apprendi* before a trial court may apply the enhancement. We also agree that, given the elements of the crimes as listed in the jury instructions, the jury in this case found the elements of the firearm enhancement beyond a reasonable doubt." The dissent's reasoning is a red herring. We analyze under our state caselaw whether Sallie received fair notice of the maximum penalty to which he was subjected. He did not.

---

[4]Sallie was sentenced to the maximum sentences under the aggravated assault and felon in possession of a firearm statutes, and then had the ten year firearm enhancement added onto the sentences.

¶11.    In *Gowdy*, this Court examined an indictment that was amended post-conviction to add habitual offender status. *Gowdy*, 56 So. 3d at 542. The Court found that "the State may not amend the indictment to *add* an enhanced penalty after conviction." *Id.* at 545 (emphasis in original). The Court pointed to Rule 7.09 in support of this, as it provides that the defendant be afforded a fair opportunity to present a defense and must not be unfairly surprised by an amendment to an indictment. *Id.* As the Court noted in *Gowdy*, increasing a defendant's potential punishment after trial unfairly strips him of the ability to consider the increased sentence when considering plea bargains. *Id.* at 546. Knowledge of the potential punishment may also influence a defendant's trial strategy.

¶12.    In *Boyd v. State*, this Court examined a case in which the defendant was placed on notice during pretrial proceedings, on the day of trial, that the State was seeking a subsequent drug offender sentencing enhancement. *Boyd v. State*, 113 So. 3d 1252, 1255 (Miss. 2013). The Court cited *Gowdy* with approval, and found that the verbal notice given to the defendant on the date of trial was not sufficient, specifically noting that "[t]he verbal notice given by the State did not sufficiently inform Boyd what his sentence might be if he were found to be a subsequent offender." *Id.* at 1256. The court found "that adequate notice is achieved through formal pleadings which include the specific amendment to be offered and which are filed sufficiently in advance of trial to ensure that a defendant will have a 'fair opportunity to present a defense' and will not be 'unfairly surprised.'" *Id.* This Court also considered a subsequent drug offender enhancement in *Williams*. *Williams*, 131 So. 3d at 1178. The Court found that the State failed to offer a "specific amendment" to charge the defendant as a subsequent drug offender, and noted that he was first apprised of this enhancement at his

7

sentencing hearing. *Id.* The Court thus found that the defendant was not given proper notice in advance of trial that the State was going to seek enhanced punishment, and reversed the sentence. *Id.*

¶13. Likewise, in the case at hand, Sallie was not given adequate pretrial notice that an enhanced punishment would be sought until after his conviction. The lack of notice violated his right to due process, as he was not given a fair opportunity to present a defense and he was unfairly surprised by the post-conviction notice that the firearm enhancement would be considered. Thus, we must reverse the portion of Sallie's sentence that constitutes the firearm enhancement.

**CONCLUSION**

¶14. We decline to find error that would reverse Sallie's convictions. Therefore, we affirm in part the judgments of the Court of Appeals and the trial court. However, we find that Sallie did not receive timely or sufficient notice that the State intended to enhance his sentence using the firearm enhancement. Using the firearm enhancement to increase Sallie's sentence resulted in unfair surprise. Accordingly, we reverse in part the judgments of the Court of Appeals and the trial court, vacate Sallie's sentence, and remand the case to the Madison County Circuit Court for resentencing.

¶15. **THE JUDGMENTS OF THE COURT OF APPEALS AND THE MADISON COUNTY CIRCUIT COURT ARE AFFIRMED IN PART AND VACATED IN PART, AND THIS CASE IS REMANDED.**

**WALLER, C.J., KITCHENS, CHANDLER AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, CHANDLER AND COLEMAN, JJ. RANDOLPH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR AND PIERCE, JJ.**

8

**DICKINSON, PRESIDING JUSTICE, CONCURRING:**

¶16. I join the majority's precise application of our precedent on sentencing enhancements—as that precedent currently stands. But I write separately to explain why I believe this Court should carefully consider whether "sentence enhancements" that result from conduct that occurred during the commission of the crime being charged are, in truth, not sentence enhancements at all, but rather are elements of the crime, requiring a grand-jury indictment and a finding beyond a reasonable doubt by a petit jury.

¶17. In Mississippi, the maximum sentence for first-offense trespass—a misdemeanor—is a $250 fine. Suppose the Legislature abolished the crime of burglary and, in its place, added the following "sentence enhancement" to trespass:

> Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any *convicted trespasser whose trespass was committed by breaking and entering the dwelling of another with the intent to commit a crime during the commission of the trespass* shall, in addition to the punishment provided for such *trespass*, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of *not less than three (3) years nor more than twenty-five (25) years*, which sentence shall not be reduced or suspended.

¶18. This "sentence enhancement"—which, according to our current precedent, need not be included in the indictment—elevates the misdemeanor to a felony. The same would be true if the Legislature abolished capital crimes and made death a "sentence enhancement" to murder. Likewise, this would apply if the Legislature abolished the crimes of possession of illegal drugs with intent to sell and drug trafficking and added "sentence enhancements" to a drug-possession conviction for intent to sell and for trafficking.

¶19. Simply put, it seems to me we should consider whether the firearms "sentence

9

enhancement" constitutes a separate criminal offense which requires indictment by a grand jury and conviction by a petit jury.

¶20.   The "sentence enhancement" at issue in this case states:

> (2) Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any convicted felon who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of ten (10) years, to run consecutively, not concurrently, which sentence shall not be reduced or suspended.[5]

The statute punishes any convicted felon who uses a firearm during the commission of a felony with ten years' incarceration.

¶21.   In speaking to the question of when a fact in a case becomes an element of the crime, Justice Thomas stated in *Apprendi v. New Jersey*:

> A long line of essentially uniform authority addressing accusations, and stretching from the earliest reported cases after the founding until well into the 20th century, establishes that the original understanding of which facts are elements was even broader than the rule that the Court adopts today.[6]

Based on the common-law view, he found "that a 'crime' includes every fact that is by law a basis for imposing or increasing punishment."[7]   So:

> if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact—of whatever sort, including the fact of a prior conviction—the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand

---

[5] Miss. Code Ann. § 97-37-37(2) (Rev. 2014).

[6] *Apprendi v. New Jersey*, 530 U.S. 466, 501, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (Thomas, J., concurring).

[7] *Id.*

larceny is an aggravated form of petit larceny.[8]

¶22.    Justice Thomas's view—that every aggravating fact affecting the sentence should be determined by the grand jury—may go too far.  But where the Legislature increases the maximum punishment for an aggravating fact that is a part of the crime itself—such as the use of a gun while committing the crime—it seems to me that aggravating fact becomes an element of the crime, rather than a sentence enhancement.

¶23.    Stated another way, if the firearms enhancement is to be used by the prosecution to increase the maximum penalty beyond the penalty of the crime for which the accused was indicted, it surely elevates the underlying offense into an aggravated form of the substantive offense.  So perhaps we should call it what it is: a substantive offense, not a sentencing enhancement.

¶24.    If prospective acts that result in a prison sentence are elements of a crime, then they require indictment by a grand jury.  And neither disguising them as "sentencing enhancements" nor providing the defendant fair notice cures that constitutional infirmity. The constitutional requirement of an indictment for criminal conduct very well may be, in part, to provide notice.  But the primary purpose is to place ordinary citizens between the power of the State and the accused.  These citizens—these grand jurors—have the sole authority under the law to decide whether the prosecutor may proceed with a criminal trial.  For this reason, I cannot agree with Presiding Justice Randolph's views.

¶25.    Until the issue is brought before this Court in a proper case, and a majority of this Court agrees that prospective conduct—regardless of how it may be labeled by this Court or

---

[8] *Id.*

the Legislature—may not be prosecuted without an indictment, I will continue to join majority opinions—like Justice King's in this case—that protect a defendant's right to notice that the State intends to utilize a sentencing enhancement.

**KITCHENS, CHANDLER AND COLEMAN, JJ., JOIN THIS OPINION**.

**RANDOLPH, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶26.   The question of whether the petitioner, a seasoned felon, or his counsel was caught unaware that this sentencing enhancement was applicable is not the issue. The petitioner, like everyone else, was put on notice on July 1, 2004,[9] that a mandatory sentencing enhancement would be added to his future sentence(s) if he used or displayed a firearm while committing yet another felony. The facts negate claims of unfair surprise, lack of a fair opportunity to present a defense, and a denial of due process.

¶27.   Under our state's Constitution and the strict separation of powers it explicitly imposes in Article 1, Section 2, we lack the power to substitute our judgment for that of the Legislature. Courts have a "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 92 (Miss. 2010). The law is explicit that a sentence enhancement of ten years is *mandatory* for "any convicted felon who uses or displays a firearm during the commission of any felony. . . ." Miss. Code Ann. § 97-37-37(2) (Rev. 2014). Contrary to petitioner's claim, each element required to enhance his sentence under Section 97-37-37(2) was alleged in the indictment and subsequently presented to a jury, which found each element beyond a

---

[9] On July 1, 2007, the enhancement was increased from five years to ten years. *See* Miss. Code Ann. § 97-37-37(2) (Rev. 2014).

12

reasonable doubt. A sentencing enhancement is not a separate offense that must be pleaded in the indictment. Section 97-37-37 of the Mississippi Code is well within the constitutional authority of the Legislature. The law, as followed by the trial court and affirmed by the Court of Appeals, is constitutional. His sentence was neither illegal nor unconstitutional. I concur with the majority's holding that petitioner's conviction should be affirmed.

¶28.    The crime began over an argument about a missing bottle of whiskey and ended with the petitioner shooting the unarmed victim in the back five times. The victim was left paralyzed from the waist down. It is obvious that petitioner's prior time at the state penitentiary did little to convince him that obedience of the law was a worthwhile goal.

¶29.    Petitioner was charged and convicted of aggravated assault and possession of a firearm by a convicted felon. Petitioner asserts that the trial court erred in applying the law consistently with the legislative mandate. He claims that he should have been put on further notice by an amendment to his indictment.

¶30.    After petitioner's conviction, the trial judge stated that he was:

> going to set sentencing for Monday at 9:00 o'clock, and I also wish to consider the firearm enhancement as provided by 97-37-37(2); and, if you will, provide me with any brief that you wish to provide me on that. I'm fairly familiar with the law, but if you want to provide me with a brief, I would like to hear it.

At the sentencing hearing, which was conducted five days after his conviction, petitioner argued that he was not given notice of the sentencing enhancement and there was no attempt by the State to amend the indictment to include the enhancement. The State argued and the trial court agreed that Section 97-37-37(2) provided for a mandatory enhancement and was not required to be included in the indictment. In sentencing the petitioner, the trial court

13

stated:

> As it relates to 97-37-37, I do review the statutes as mandatory, and I'm familiar with the ***Mayes***[10] [sic] case and some other cases where the court has applied this punishment. I don't think – there is not a case that I've seen at this point where it either requires that it be charged in the indictment or any notice given; so, accordingly, I'll impose a sentence under the statute that I believe is mandatory.
>
> . . .
>
> Under 97-37-37, the jury's verdict in Count I found that you did discharge – that you did use or display a firearm during the commission [of] a felony in that you shot him with that firearm so the jury's verdict in Count I provides the requirement that I sentence you under 97-37-37 to an additional term of 10 years in the custody of the Mississippi Department of Corrections to run consecutively with the sentences imposed in Count I and II, and that that sentence shall not be reduced or suspended according to law.

There is no requirement, pursuant to our Constitution, caselaw, court rules, or statutes, that the indictment must contain specific notice that an enhanced sentenced will be given pursuant to Section 97-37-37(2). The trial court properly applied the mandatory ten-year sentencing enhancement to petitioner's sentence. As such, petitioner's sentence should be affirmed.

¶31.    Accused persons are constitutionally afforded due process of law. *See* U.S. Const. amend. VI, Miss. Const., art. 3, § 14. Pursuant to Article 3, Section 26 of the Mississippi Constitution, an accused is also afforded the following rights:

> a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; and he shall not be compelled to give evidence against himself. . . .

---

[10] The trial court was referring to ***Mayers v. State***, 42 So. 3d 33 (Miss. Ct. App. 2010), discussed *supra*.

14

Miss. Const. art. 3, § 26. *See also* U.S. Const. amend. XIV. Additionally, the purpose of an indictment, pursuant to Section 27, is:

> (1) to furnish the accused such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, (2) to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained and (3) to guard against malicious, groundless prosecution. *Indictments and Informations*, 41 Am. Jur. 2d § 3 (1968).

***Jefferson v. State***, 556 So. 2d 1016, 1021 (Miss. 1989).

¶32. Rule 7.06 of the Rules of Uniform Circuit and County Court Practice states that the indictment "shall be a plain, concise and definite written *statement of the essential facts constituting the offense charged* and shall fully notify the defendant of the *nature and cause of the accusation*." URCCC 7.06 (emphasis added). Rule 7.06 also states that the following "shall" be included in an indictment:

> 1. The name of the accused;
>
> 2. The date on which the indictment was filed in court;
>
> 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
>
> 4. The county and judicial district in which the indictment is brought;
>
> 5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
>
> 6. The signature of the foreman of the grand jury issuing it; and
>
> 7. The words "against the peace and dignity of the state."

*Id.*

¶33. The indictment complied with Rule 7.06, as it stated the facts surrounding the "offenses charged." Petitioner was indicted on February 1, 2012, for ". . . purposely, knowingly, feloniously and intentionally caus[ing] or attempt[ing] to cause bodily injury . . . by use of a deadly weapon . . . by shooting Gregory Johnson in the back with a firearm . . ." and " . . . unlawfully, knowingly, and feloniously possess[ing] a firearm when [he] had been previously convicted of a felony offense. . . ." The indictment adequately charged that petitioner previously had been convicted of a felony, including the crime, the court, the case number, and the sentence. The indictment also charged that petitioner had used a firearm when he shot the victim during the commission of a felony. The statute reads that a convicted felon who uses a firearm "shall . . . be sentenced to an additional term of imprisonment. . . ." Miss. Code Ann. § 97-37-37(2). Section 97-37-37(2) is not an "offense" as referenced in the Rules of Uniform Circuit and County Court Practice, *see Stewart v. State*, 131 So. 3d 569, 575 (Miss. 2014), and applies only post-conviction.

¶34. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond  the prescribed statutory maximum *must be submitted to a jury, and proved beyond a reasonable doubt.*" *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000) (emphasis added). The following language from *State v. Reinke*, 354 Or. 98, 309 P.3d 1059 (2013), casts further light on *Apprendi vis a vis* inclusion within an indictment:

> After *Apprendi*, some defendants argued in this court that we should hold that the federal constitution requires states to include sentence enhancement facts in indictments. Given *Apprendi*'s reasoning, we explained in *State v. Cox*, 337 Or. 477, 498-500, 98 P.3d 1103 (2004), that the defendant's unpreserved federal constitutional claim raising that issue did not constitute plain error and

16

did not reach it. Shortly after this court decided *Cox*, another case squarely presented the issue, and we explained that, "[a]lthough *Apprendi* requires that the jury find the facts that would support an enhanced sentence, we do not agree that *Apprendi* requires, as a matter of state criminal procedure, that enhancement factors be set out in the indictment." *State v. Sawatzky*, 339 Or. 689, 698, 125 P.3d 722 (2005). The court explained that neither *Apprendi* nor *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), had held that the Grand Jury Clause of the Fifth Amendment applies to the states and that the relevant question under state law is whether the indictment sets out the elements of the offense, as defined by the state legislature. *Id.*; *cf. Hurtado v. California*, 110 U.S. 516, 534-35, 4 S. Ct. 111, 28 L. Ed. 232 (1884) (holding that due process does not require states to proceed by indictment in felony cases).

*Reinke*, 354 Or. at 104, 309 P.3d at 1062 (2013). Such reasoning is persuasive.

¶35.   Pursuant to *Apprendi*, the questions of fact, i.e., whether the petitioner was a previously convicted felon[11] who used a firearm, were submitted to the jury. The jury found those facts beyond a reasonable doubt. The findings of fact were the elements required for a guilty verdict of aggravated assault by shooting the victim with a firearm and of being a convicted felon in the possession of a firearm, such that the statute mandated the trial judge to enhance petitioner's sentence for the legislatively prescribed term.

¶36.   The cases relied upon by the majority are clearly distinguishable from the facts of the case presented to us today, as those cases, unlike the case today, required an amendment to the indictment in order to enhance those defendants' sentences. In *Gowdy v. State*, 56 So. 3d 540, 544 (Miss. 2010), Gowdy was indicted for felony driving under the influence of alcohol. Prior to trial, the State offered Gowdy a plea deal in which he would serve one year in prison, two years' post-release supervision, and pay a $2,000 fine. *Id.* at 544. Gowdy rejected the

---

[11] Prior to his trial, petitioner and the State entered into a stipulation that petitioner was a convicted felon.

17

plea offer and proceeded to trial. *Id.* The next day following Gowdy's conviction, the State received information about Gowdy's prior arrests in another state and informed the trial court that it would seek to amend the indictment to include Gowdy's habitual-offender status. *Id.* On the day of Gowdy's sentencing hearing, nearly two months later, the State amended his indictment to charge him as a *habitual offender* under *Mississippi Code Section 99-18-83*, which requires a mandatory life sentence. *Id.* at 545. The trial court overruled Gowdy's objection to the amendment, finding no prejudice, and sentenced Gowdy to life imprisonment without the possibility of parole. This Court found there was prejudice because "Gowdy would have been in a better position to make an informed and rational decision when presented with a proposed plea bargain." *Id.* at 546. This Court held that the State should not have been allowed to amend the indictment, and the Court reversed the enhanced-sentencing portion of Gowdy's sentence. *Id.* Absent an amendment to the indictment, Goudy's sentence could not have been enhanced under Section 99-18-83.

¶37.   In this case, there is no evidence of a plea offer in the record. Petitioner was not offered a deal of one year and then subsequently sentenced to life in prison. His prior conviction was included in his indictment, thus giving him notice that he would face a sentencing enhancement of ten years if the jury found him guilty of being a convicted felon who used a firearm in a subsequent felony. Petitioner cannot argue unfair surprise. *See McCain v. State*, 81 So. 3d 1055, 1062 (Miss. 2012) (citing URCCC 7.09) ("McCain received fair notice, was not 'unfairly surprised' by the habitual-offender addition, and was 'afforded a fair opportunity to present a defense.'").

¶38.   *Boyd v. State*, 113 So. 3d 1252 (Miss. 2013), is likewise distinguishable. Boyd was

18

indicted for the sale of marijuana (more than thirty grams but less than a kilogram) within 1,500 feet of a school or 1,000 feet of the real property of a school. *Id.* at 1253. During pretrial proceedings, the State informed the court that it would seek to amend the indictment based on an out-of-state conviction if Boyd was found guilty of the charges. *Id.* at 1254. Initially, Boyd was facing a forty-year sentence and, if the indictment was amended, he was told that his sentence could be doubled. *Id.* at 1255. The next day during the sentencing hearing, the State filed a motion to amend the indictment to charge Boyd as a subsequent drug offender. *Id.* at 1254. The State's motion was granted, and Boyd was sentenced to 120 years in the custody of the Mississippi Department of Corrections. *Id.* His sentence was enhanced by Mississippi Code Section 41-29-142 (within 1,500 feet of a school) and enhanced again by Mississippi Code Section 41-29-147 (second offense). This Court found that "[a]lthough the State told the trial court that it would seek 'to double up to 80 years' because he was a subsequent offender, Boyd actually was sentenced to a total of 120 years. This disparity supports our finding that Boyd did not receive adequate notice of the State's intention to seek a sentence enhancement." *Id.* at 1256.

¶39.   This petitioner was not misinformed of his possible sentence to justify a finding that he was unfairly surprised. The cases relied upon by the majority involve defendants who were not informed that they faced possible life sentences. Per the constitutional mandate issued by the Legislature in its passing of Section 97-37-37, the trial court properly enhanced the petitioner's sentence by ten years, because the jury found, beyond a reasonable doubt, that petitioner was a previously convicted felon who had used a firearm in a subsequent felony.

¶40.    The cases cited and relied upon do not stand for the same proposition ruled upon today. Each case required an amendment of the indictment in order to enhance the defendant's sentence. That is precisely what distinguishes today's case. No amendment of the indictment was required. Section 97-37-37 provides for a mandatory ten years be added to a sentence for a convicted felon who uses a firearm in a subsequent felony. Our law does not require that this enhancement be included in the indictment in order for the enhancement to be applicable.

¶41.    This case is akin to *Mayers v. State*, 42 So. 3d 33 (Miss. Ct. App. 2010), which was cited by the trial court at the sentencing hearing. In *Mayers*, the Court of Appeals held that "Section 97-37-37, which is entitled: 'Enhanced penalty for use of firearm during commission of felony,' is clearly a sentence enhancement and does not set out separate elements of the underlying felony." *Id.* at 45. The Court further held that the jury "found beyond a reasonable doubt that Mayers was a convicted felon and that Mayers used a firearm during the commission of a felony." *Id.* at 46. The Court of Appeals rejected Mayers's argument that his sentencing enhancement was not listed in the indictment, as each factor of Section 97-37-37 was "contained in the indictment and was submitted to the jury. No other factors were required to be determined by Section 97-37-37 that had not already been decided by the jury." *Id.* at 46. The Court of Appeals found that, although the sentencing enhancement was not needed in the indictment, Mayers was erroneously sentenced pursuant to the wrong section. *Id*. Section 97-37-37(2) was not in effect at the time Mayers committed his crime; therefore, he should have been sentenced pursuant to Section 97-37-37(1), which became effective on July 1, 2004. *Id.* at 46-47.

20

¶42. The petitioner argues unfair surprise, but like Mayers, the petitioner does not argue one factual element required to be satisfied for the application of the statute was unmet and not decided by the jury. Each fact required for the application of Section 97-37-37(2) was contained in the indictment and was submitted to the jury. The jury found beyond a reasonable doubt that petitioner was a convicted felon and that petitioner had used a firearm during the commission of a felony. No other factors were required to be determined by Section 97-37-37(2) that had not already been decided by the jury beyond a reasonable doubt, negating his argument of unfair surprise.

¶43. Petitioner claims that he should have been put on further notice by an amendment to his indictment. Notice is necessary for the preparation of a defense. However, petitioner makes no claim that his defense was compromised, or even that his defense would have been different had he been made aware of the sentencing enhancement. Notice of this particular mandatory sentencing enhancement was found in the legislative act. This particular mandatory sentencing enhancement is not required to be pleaded in the indictment, unlike the habitual-offender enhancements, which our rules require to be pleaded in the indictment.

¶44. The only defense to having petitioner's sentence enhanced would have been for him to contest the State's evidence, challenging his prior felony conviction. Petitioner offered no such proof. Quite the opposite, he stipulated that he previously was convicted of a felony. Thus, any argument that he was prejudiced evaporates.

¶45. Neither the trial court nor the Court of Appeals[12] overlooked its constitutional duties.

---

[12] The trial court was affirmed by the Court of Appeals in a unanimous opinion authored by Presiding Judge Irving. Judge James concurred in part with the opinion.

21

Each properly applied a constitutionally permissible penalty. I would affirm.

**LAMAR AND PIERCE, JJ., JOIN THIS OPINION.**