# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00446-COA

**TIMOTHY RICE A/K/A TIMOTHY L. RICE**          **APPELLANT**

**v.**

                                             **APPELLEE**

**STATE OF MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/29/2015 |
| TRIAL JUDGE: | HON. WAYMAN DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY RICE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | AMENDED APPELLANT'S SENTENCE TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, LESS TIME SERVED, AND A FINE OF $10,000 |
| DISPOSITION: | AFFIRMED - 04/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. After a Jones County jury convicted Timothy Rice for the crime of selling cocaine, Rice appealed to this Court, which affirmed Rice's conviction and sentence. *Rice v. State*, 172 So. 3d 768, 769-71 (¶¶6, 13) (Miss. Ct. App. 2013). Rice then sought leave from the Mississippi Supreme Court to proceed with a motion for postconviction collateral relief (PCR) on the following issues: (1) whether he was subjected to double jeopardy; (2) whether he lacked notice of the State's intent to charge him as a recidivist; and (3) whether the circuit

court violated his right to be sentenced outside the jury's presence. The supreme court, however, granted Rice leave to proceed with his PCR motion on the sole issue of whether his sentence enhancement as a subsequent drug offender was in error in light of the supreme court's decision in *Williams v. State*, 131 So. 3d 1174 (Miss. 2014).

¶2. After finding the subsequent-drug-offender enhancement of Rice's sentence was in error, the Jones County Circuit Court entered an order amending Rice's sentence. On appeal from the circuit court's order on his PCR motion, Rice raises the following issues: (1) whether the State's amendment to his indictment to charge him as a habitual offender caused unfair surprise and prevented him from presenting a defense; (2) whether the circuit court erred by sentencing him in front of the jury; (3) whether he was denied effective assistance of counsel; and (4) whether the circuit court erred by denying his request for an evidentiary hearing prior to disposing of his PCR motion.

¶3. Finding no error, we affirm.

**FACTS**

¶4. In a previous opinion, this Court acknowledged the following relevant facts and procedural history underlying Rice's direct appeal from his conviction for the sale of cocaine:

> On March 3, 2009, the Jones County grand jury indicted Rice for the sale of cocaine, a Schedule II substance, in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2009). On October 9, 2009, the State filed a motion to amend the indictment to charge Rice as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2009). Rice had been convicted previously of burglary, grand larceny, escape, and simple assault. On October 13, 2009, the same day the trial began, the trial judge entered an order amending the indictment to charge Rice as a habitual offender.

2

The trial occurred from October 13, 2009, until October 14, 2009. On the last day of the trial, the jury returned a guilty verdict. The trial judge then sentenced Rice as a habitual offender to forty years of imprisonment, with ten years suspended and thirty years to serve, all in the custody of the Mississippi Department of Corrections. On October 23, 2009, Rice filed a motion for a new trial or, in the alternative, a [judgment notwithstanding the verdict]. His motion was denied by the trial court on May 31, 2011. Rice now appeals. In his sole issue on appeal, Rice argues the trial court erred by amending the indictment to reflect his status as a habitual offender after the voir dire of the jury had taken place and the trial had begun.

*Rice*, 172 So. 3d at 769-70 (¶¶5-6). Finding no merit to Rice's arguments, this Court affirmed Rice's conviction and sentence on appeal. *Id.* at 771 (¶13).

¶5. After this Court affirmed his conviction and sentence, Rice filed a petition with the supreme court seeking permission to file a PCR motion with the circuit court. Rice alleged the following assignments of error: (1) he was subjected to double jeopardy; (2) he failed to receive notice of the State's intent to charge him as a recidivist; and (3) the circuit court violated his right to be sentenced outside the jury's presence. The supreme court ordered the State to file a response to Rice's petition. After the State's response, the supreme court entered a second order requiring the State to file an additional response "to address Rice's sentence as a subsequent drug offender in light of [*Williams*]."

¶6. On November 25, 2014, the supreme court entered an order granting Rice leave to proceed in circuit court on his PCR motion. With regard to the issues Rice raised, the supreme court stated the following in its order:

Regarding Rice's claims of double jeopardy and lack of a separate sentencing hearing, [this] panel finds that Rice fails to present a substantial showing of the denial of a state or federal right. *See Rowland v. State*, 98 So. 3d 1032, 1036 [(¶6)] (Miss. 2012). Rice, citing *Williams* . . . , challenges his sentence as a recidivist for lack of notice. The habitual-offender enhancement

3

was addressed on direct appeal and, thus, is barred from review. Miss. Code Ann. § 99-39-21(3) [(Rev. 2009)]. After due consideration, we find that Rice should be allowed leave to proceed in the trial court to address the subsequent-drug-offender enhancement in light of [our] decision in *Williams*.

¶7. Following the supreme court's order granting him leave to proceed on the sole issue of his subsequent-drug-offender enhancement, Rice filed his PCR motion in circuit court on December 23, 2014. Despite the supreme court's order, Rice asserted in his PCR motion that the circuit court erred by allowing the State, on the first day of his trial, to amend his indictment to charge him as a habitual offender. Rice argued that the State's filing on the first day of his trial unfairly surprised him and denied him a fair opportunity to present a defense. As the procedural history of this case shows, however, the supreme court found in its November 25, 2014 order that the issue of Rice's habitual-offender enhancement was addressed on direct appeal and was therefore barred from review.

¶8. On January 29, 2015, the circuit court entered its order addressing Rice's PCR motion. Even though the supreme court granted Rice permission to proceed with his PCR motion on the sole issue of whether error resulted from his subsequent-drug-offender enhancement, the circuit court nevertheless reviewed Rice's habitual-offender enhancement and found no error. The circuit court noted that, in *Williams*, the State filed its motion to amend Williams's indictment to charge him as a recidivist a mere three days before trial. *See Williams*, 131 So. 3d at 1176 (¶2). In addressing the amendment to Williams's indictment, the *Williams* court stated:

> Through formal pleadings filed three days in advance of trial, the State informed Williams of its intent to seek enhanced punishment under one of Mississippi's recidivist statutes, [s]ection 99-19-81. The State's motion

4

specifically provided the details of the prior convictions which would be presented to the trial judge for sentence enhancement (subject to a conviction for the crime charged in the indictment), including the cause numbers, dates, and courts in which they were obtained. Absent an argument as to why Williams's notice was inadequate, we cannot say, based on the record, that the State failed to provide adequate notice of its intent to seek enhanced punishment for Williams as a recidivist under [s]ection 99-19-81.

*Williams*, 131 So. 3d at 1177-78 (¶9).

¶9.     In the present case, the circuit court found that the State filed its motion to amend Rice's indictment to reflect his habitual-offender status four days before the start of Rice's trial. As previously noted, in *Williams* the defendant only received three days of advance notice. *Id.* The circuit court here also stated that, like in *Williams*, the State's motion to amend Rice's indictment provided details as to Rice's prior convictions, including the cause numbers, dates of convictions, and courts in which the prior convictions were obtained. Thus, after reviewing the record in Rice's case and the supreme court's holding in *Williams*, the circuit court concluded that it was "unable to say that the State failed to provide adequate notice of its intent to seek enhanced punishment for Rice since four days would have afforded ample time for [Rice] and his attorney to confirm the previous felony sentences pertaining to [Rice] in other Jones County cases."

¶10.    Despite finding no error from the amendment of Rice's indictment to reflect his habitual-offender status, the circuit court found an error regarding the portion of Rice's sentence that enhanced his punishment as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2009). The circuit court found that the State never actually filed a motion to enhance Rice's sentence based on section 41-29-147. Because

5

none of Rice's prior felony convictions pertained to violations of the controlled-substance laws, the circuit court found that the previous court's reference to section 41-29-147 in sentencing Rice resulted in error. After finding that Rice's previous sentencing order failed to comply with section 41-29-139 as it stood when Rice committed the crime, the circuit court amended Rice's sentence to order that he serve a term of thirty years in MDOC's custody, less time served, and pay a fine of $10,000. *See* Miss. Code Ann. § 41-29-139 (Rev. 2009).

¶11. Aggrieved by the circuit court's order amending his sentence, Rice appeals.

## DISCUSSION

I. **Whether the State's amendment to Rice's indictment to charge him as a habitual offender caused unfair surprise and prevented him from presenting a defense.**

II. **Whether the circuit court erred by sentencing Rice in front of the jury.**

III. **Whether Rice was denied effective assistance of counsel.**

¶12. "Where a PCR movant's direct appeal has been affirmed by the [supreme court] or this court, he must be granted leave from the supreme court before filing a PCR motion." *McKenzie v. State*, 66 So. 3d 1274, 1275 (¶4) (Miss. Ct. App. 2011) (citing Miss. Code Ann. § 99-39-7 (Supp. 2010)). The "[f]ailure to obtain permission from the supreme court deprives the trial court and this Court of jurisdiction." *Lacey v. State*, 29 So. 3d 786, 788 (¶7) (Miss. Ct. App. 2009) (citations omitted). Furthermore, "the dismissal or denial by the supreme court of an application for leave to proceed in the trial court is a final judgment and bars successive applications under the statute." *Bradford v. State*, 158 So. 3d 1202, 1204

6

(¶9) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 99-39-27(9) (Supp. 2014)).

¶13.    In the present case, the supreme court granted Rice leave to proceed on the sole issue of whether, in light of *Williams*, the circuit court erred by enhancing Rice's sentence as a subsequent drug offender.  In addressing this issue, the circuit court concluded that error occurred because none of Rice's prior felony convictions dealt with controlled-substance violations and because the State filed no motion seeking to enhance Rice's sentence on a subsequent-drug-offender basis.  As a result, the circuit court eliminated the subsequent-drug-offender portion of Rice's sentence and amended the sentence to comply with section 41-29-139 as it stood when the State indicted Rice for the crime of selling cocaine.  Accordingly, Rice's amended sentence ordered that he serve a term of thirty years in MDOC's custody, less time served, and pay a fine of $10,000.

¶14.    In appealing the circuit court's order amending his sentence, Rice raises additional assignments of error unrelated to his subsequent-drug-offender enhancement.  As the State asserts, these alleged additional assignments of error "claim [no] error in the [circuit] court's order at issue."  Because the supreme court failed to grant Rice leave to proceed on these additional issues, we find these issues were not properly before the circuit court.  *See Lacey*, 29 So. 3d at 787-88 (¶7).  As a result, both the circuit court and this Court lack jurisdiction to consider these issues.  *See id.*

      **IV.**    **Whether the circuit court erred by denying Rice's request for an evidentiary hearing prior to disposing of his PCR motion.**

¶15.    Rice also argues that the circuit court erred by denying his request for an evidentiary hearing prior to disposing of his PCR motion.  Rice asserts that he asked the circuit court for

7

an evidentiary hearing to present evidence on his ineffective-assistance-of-counsel claim. As already discussed, however, the supreme court failed to grant Rice leave to proceed on his ineffective-assistance-of-counsel claim. Therefore, the issue was not properly before the circuit court to consider, and the circuit court possessed no jurisdiction to hold an evidentiary hearing to allow Rice to present evidence on this claim. As a result, we find this argument lacks merit.

¶16. **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**