McCARTY, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶42. Because I believe the record is sufficient at this point to resolve the question of whether there was ineffective assistance of counsel and does not require further exploration in the post-conviction process, I respectfully dissent in part. I agree with the majority's detailed conclusions regarding the sufficiency of the indictment and other issues in this case and therefore concur in part. Because the Supreme Court has made clear that the operative inquiry is whether there was a fair opportunity to present a defense and no unfair surprise in sentencing,
 
 [5]
 
 even though the attorney may have failed to object, I do not think it results in prejudice to the defendant under the unique facts of this case. Yet I believe it could be per se ineffective assistance of counsel in other cases, which could likewise be dealt with on direct appeal.
 

 ¶43. The Legislature affirmatively requires a trial court's order amending an indictment to be placed upon the docket, and it is clear from the statute's repeated use of the word "shall" that filing the order amending the indictment is a legislative commandment. "A basic tenet of statutory construction constrains us to conclude that, unlike the discretionary nature of 'may,' the word 'shall' is a mandatory directive."
 

 Ivy v. Harrington
 
 ,
 
 644 So.2d 1218
 
 , 1221 (Miss. 1994). When the word "shall" is used, there is "no discretion"-it must be followed.
 

 Id.
 

 This is not a new commandment. "It is the law that an amendment to an indictment must be by order of the court which must precisely specify the amendment and the order must be spread on the minutes."
 
 Thomas v. State
 
 ,
 
 167 Miss. 504
 
 , 505,
 
 142 So. 507
 
 , 507 (1932).
 

 ¶44. As the majority correctly points out, failure to object that the order amending the indictment was not placed on the docket will result in waiver. "The State is required to make sure that such an order appears in the record and the defense is required to object to the absence of such order if it wishes to preserve this point for appeal."
 
 Reed v. State
 
 ,
 
 506 So.2d 277
 
 , 279 (Miss. 1987). The waiver rule is well-established, and dates to at least 1973.
 
 See
 

 Jones v. State
 
 ,
 
 279 So.2d 594
 
 (Miss.1973) ("In the trial appellant waived any objection to the amendment, and made no point of the fact that the order authorizing the amendment was not entered upon the minutes of the court prior to actual making of the amendment," and so "waived his right to urge reversible error so far as the amendment is concerned.");
 
 see also
 

 Sturgis v. State
 
 ,
 
 379 So.2d 534
 
 , 536-37 (Miss. 1980) (finding waiver when defendant failed to raise that the order was not filed as required by statute).
 

 ¶45. This brings us to the claim by the defendant that he was deprived of effective assistance of counsel. The State carried its burden to amend the indictment but failed to place it upon the docket as required by the Legislature and controlling precedent. Although this failure is error, nearly fifty years of precedent hold that the error is waived if the defendant does not object. Trial counsel did not object here, and as a result the majority correctly applies the precedent and rules that the issue is waived.
 

 ¶46. Where I must part ways is the analysis of whether this was ineffective assistance of counsel. The Supreme Court "has held that adequate notice is achieved through formal pleadings, which include the specific amendment to be offered and which are filed sufficiently in advance of trial to ensure that a defendant will have a fair opportunity to present a defense and will not be unfairly surprised."
 
 Williams v. State
 
 ,
 
 131 So.3d 1174
 
 , 1177 (¶7) (Miss. 2014) (internal quotation marks omitted). "Whether notice of a possible enhanced sentence was given sufficiently in advance of trial should be considered on a case-by-case basis."
 

 Id.
 

 (internal quotation mark omitted). We have held that a post-conviction amendment to an indictment was valid because the defendant "had fair notice" and had filed a motion to amend, which detailed all of the offenses that made him eligible for habitual-offender status.
 
 Lyles v. State
 
 ,
 
 212 So.3d 879
 
 , 883 (¶17) (Miss. Ct. App. 2016).
 

 ¶47. From the record in this case, the defendant was put on notice of the amendment, and while it was error of counsel to not object to the failure to file the amendment, it does not result in prejudice. An objection would have likely just triggered the actual filing of the amended indictment, in turn satisfying
 
 Williams
 
 and
 
 Lyles
 
 . There was no prejudice in this case because of its unique nature, and not all cases will be the same; as the Supreme Court has reminded us. This issue is to be determined on a case-by-case basis.
 

 ¶48. Similar errors have resulted in reversal, such as in
 
 Williams
 
 , where "[t]he State's motion placed [him] on notice that it intended to utilize his prior drug conviction, but only for sentence enhancement," not "as a subsequent drug offender."
 
 Williams
 
 ,
 
 131 So.3d at 1178
 
 (¶10). "Because
 Williams was not given proper notice in advance of trial of the State's intent to seek enhanced punishment as a subsequent drug offender ... we are compelled to reverse that portion of his sentence."
 

 Id.
 

 So while it may not have been ineffective assistance of counsel in this particular case to fail to object, there are many instances where it could be. A failure to object if the amendment of the indictment involved a name change, venue, a missing element, or as in
 
 Williams
 
 , doubled the potential sentence, could very well be ineffective assistance of counsel. It would be apparent from the face of the record and ripe for resolution on direct appeal.
 

 ¶49. We do not need to delay ruling on the issue for another day, and so I would find as a matter of law that while it may have been error by the trial counsel, it did not result in prejudice to the defendant as there was sufficient notice under the facts of this case.
 

 McDONALD, J., JOINS THIS OPINION.
 

 Williams v. State
 
 ,
 
 131 So.3d 1174
 
 , 1177 (¶7) (Miss. 2014).